J-S71028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TONY RUFUS RATCLIFF, III, | |
| Appellant | No. 703 WDA 2015 |

Appeal from the PCRA Order March 6, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001717-2009

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 14, 2015**

Appellant, Tony Rufus Ratcliff, III, appeals *pro se* from the order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We summarize the history of this case as follows.  On March 22, 2011, a jury convicted Appellant of the crimes of possession with intent to deliver, firearms not to be carried without a license, possession of drug paraphernalia, and three counts of possession of a controlled substance. The trial judge convicted Appellant of the summary offense of driving while operating privileges are suspended.  On July 25, 2011, the trial court sentenced Appellant to an aggregate term of incarceration of five to ten years.  Among the sentences imposed by the trial court was a mandatory term of incarceration of five to ten years for Appellant's conviction of

possession with intent to deliver. Appellant filed post-sentence motions, which the trial court denied. Thereafter, this Court affirmed Appellant's judgment of sentence on July 25, 2012. *Commonwealth v. Ratcliff*, 1597 WDA 2011, 55 A.3d 148 (Pa. Super. 2012) (unpublished memorandum). Appellant did not seek further review in the Pennsylvania Supreme Court.

On October 24, 2012, Appellant filed his first PCRA petition, and the PCRA court ultimately denied relief on June 4, 2013. This Court affirmed the decision of the PCRA court on February 4, 2014. *Commonwealth v. Ratcliff*, 1050 WDA 2013, 97 A.3d 793 (Pa. Super. 2014) (unpublished memorandum).

On February 9, 2015, Appellant filed a writ of *habeas corpus* with the court of common pleas arguing that the mandatory minimum sentence imposed in his case is illegal pursuant to *Alleyne v. United States*, 133 S.Ct 2151 (2013). The court interpreted Appellant's filing as a second PCRA petition and, on March 9, 2015, filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. On April 10, 2015, the PCRA court dismissed Appellant's second PCRA petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did the trial court abuse its discretion by dismissing Appellant's second Motion for Post Conviction Collateral Relief (originally titled as a Writ of Habeas Corpus) without a hearing, in light of recent decisions by the Pennsylvania Superior and Supreme Courts and the United States Supreme Court?

(a) Whether an illegal sentence is ever considered final?

(b) Whether the trial court always has jurisdiction to correct an illegal sentence and must entertain such a request when same is presented to them?

(c) Whether Appellant has invoked the exception to 42 Pa.C.S.A. 9545(b)(1)(iii) in his second *pro se* PCRA petition, given the very limited access to legal materials as a result of his prolonged incarceration?

2. Did the trial court impose an unconstitutional mandatory minimum sentence?

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and it may not be ignored in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the

Supreme Court of the United States and the Supreme Court of Pennsylvania,

or at the expiration of time for seeking the review." 42 Pa.C.S. §

9545(b)(3).

However, an untimely petition may be received when the petition

alleges, and the petitioner proves, that any of the three limited exceptions to

the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii),

and (iii), is met.[1] A petition invoking one of these exceptions must be filed

within sixty days of the date the claim could first have been presented. 42

Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the

PCRA's one-year filing deadline, "the petitioner must plead and prove

specific facts that demonstrate his claim was raised within the sixty-day time

frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

---

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Our review of the record reflects that the trial court imposed the judgment of sentence on July 25, 2011. This Court affirmed Appellant's judgment of sentence on July 25, 2012. Appellant did not seek review in the Pennsylvania Supreme Court. Accordingly, Appellant's judgment of sentence became final on August 24, 2012, thirty days after this Court affirmed Appellant's judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant did not file the instant PCRA petition until February 9, 2015. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant contends that **Alleyne** established a new constitutional right that applies retroactively under section 9545(b)(1)(iii). However, Appellant failed to raise this exception in a timely manner. **Alleyne** was decided on June 17, 2013. Appellant did not file the instant PCRA petition until February 9, 2015, which was well over sixty days after the date the claim could have been presented. Therefore, Appellant failed to

meet the timeliness requirement of 42 Pa.C.S. § 9545(b)(2). **See Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [a newly] recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Further, this Court has held that even if **Alleyne** is interpreted as enunciating a newly recognized constitutional right, such right is not applicable retroactively to cases on PCRA review. **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). Specifically, the Court in **Miller** stated the following:

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. . . . This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

**Id**. **See also Commonwealth v. Riggle**, 119 A.3d 1058 (Pa. Super. 2015) (finding **Alleyne** is not entitled to retroactive effect in PCRA setting).[2] For

---

[2] While we acknowledge that Appellant's claim concerning **Alleyne** goes to the legality of his sentence, we note that this Court has stated that "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013).

this reason as well, Appellant has failed to invoke an applicable timeliness exception.

In conclusion, because Appellant's second PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015